OSCN Found Document:IN RE AMENDMENT TO RULE 3 OF RULES FOR COURT OF TAX REVIEW

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only

 
 
 

 
 IN RE AMENDMENT TO RULE 3 OF RULES FOR COURT OF TAX REVIEW
2023 OK 41
Decided: 04/17/2023
THE SUPREME COURT OF THE STATE OF OKLAHOMA

Cite as: 2023 OK 41, __ P.3d __

 

IN RE: Amendment to Rule 3 of the Rules for the Court of Tax Review

ORDER

¶1 Rule 3 of the Oklahoma Court of Tax Review, Title 68, Ch. 1, art. 28, App, app.1, is hereby amended as shown on the attached Exhibit "A." Rule 3, with the amended language noted, is attached as Exhibit "B." The amended Rule is effective immediately.

¶2 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE on April 17, 2023.

/S/CHIEF JUSTICE

ALL JUSTICES CONCUR.

 

 

Exhibit "A"

Rule 3. Pleadings

A. Complaints and notices of intent to appeal an order to the Court of Tax Review shall meet the following requirements:

1. An original and four copies of all pleadings, complaints, protests, notices of intent to appeal, responses and other filings shall be prepared on 8 1/2 " x 11" paper only.

2. In all proceedings the complaint, notice, or protest shall state the county or counties in which the assessed property which is the subject of the proceeding is located.

B. Central Assessment. Proceeding pursuant to § 2881: Form 1 under Rule 11 shall be used when filing a Complaint with the Court of Tax Review pursuant to 68 O.S.2021, § 2881. The Complaint shall state the year of the ad valorem assessment to be reviewed. The Complaint shall have attached as Exhibit A the properly completed Notice of Protest to the State Board of Equalization and the Oklahoma Tax Commission of Filing in Court of Tax Review (Form OTC 989) prescribed by the Oklahoma Tax Commission. Id. § 2881(A). The Complaint shall specify the counties where the property is located. The Complaint shall be filed within twenty (20) days of the date of the notice of assessment, and the Complaint shall have attached as Exhibit B a copy of the notice of ad valorem tax assessment that the taxpayer received from the State Board of Equalization. Id. The Complaint shall specify the amount of the assessed valuation protested. Id.

C. County Assessment. Proceeding pursuant to § 2880.1: An appeal of a decision from a county board of equalization from an order sustaining a valuation of real or personal property at a fair cash value as determined by the county assessor in excess of Three Million Dollars ($3,000,000.00) to the Court of Tax Review shall be filed within thirty (30) calendar days of the date the board's order was mailed, or in the event that the order was delivered, from the date of delivery. 68 O.S.Supp.2022, § 2880.1(B). No specific form is required for the Complaint. Complainant shall specify grievances and pertinent facts in relation thereto in ordinary and concise language in such a manner to enable a person of common understanding to know what is intended. The Complainant shall specify the grounds for the appeal. A Complaint for review shall state whether the county board of equalization assessed any costs against the appealing taxpayer for failure to appear at a scheduled hearing and whether such costs have been paid. See id. § 2880.1(D). In compliance with 68 O.S.Supp.2022, § 2880.1(B), the county clerk shall make a record of all orders of the board and both the complaint and orders shall be a part of the record in the case appealed from the county board of equalization. The Complaint for Review shall have attached as Exhibit A a copy of the notice of appeal that 68 O.S.Supp.2022, §2880.1(B) requires to be filed with the county clerk. 

 

 

Exhibit "B"

Rule 3. Pleadings

A. Strict Compliance. Complaints and notices of intent to appeal an order to the Court of Tax Review shall meet the following requirements: be in strict compliance with the following:

1. An original and four copies of all pleadings, complaints, protests, notices of intent to appeal, responses and other filings shall be prepared on 8 1/2 " x 11" paper only.

2. In all proceedings the complaint, notice, or protest must shall state the county or counties in which the assessed property which is the subject of the proceeding is located.

3. In all proceedings where the Oklahoma Tax Commission is required by statute to prescribe the form for filing a complaint or notice with the Court of Tax Review a completed copy of the form shall be attached to the complaint or notice filed with the Court of Tax Review.

4 B. Central Assessment. Proceeding pursuant to § 2881: Form 1 under Rule 11 shall be used when filing a A Complaint filed with the Court of Tax Review pursuant to 68 O.S.2021, § 2881. must comply with Rule 11 Form No. 1. The Complaint shall must state the year of the ad valorem assessment to be reviewed. The Complaint shall must have attached as Exhibit A the properly completed Notice of Protest to the State Board of Equalization and the Oklahoma Tax Commission of Filing in Court of Tax Review (Form OTC 989) prescribed by the Oklahoma Tax Commission. Id. § 2881(A). The Complaint shall must specify the counties where the property is located. The Complaint shall must be filed within twenty (20) days of the date of the notice of assessment, and the Complaint shall must have attached as Exhibit B a copy of the notice of ad valorem tax assessment that the taxpayer received from the State Board of Equalization. Id. The Complaint shall specify the amount of the assessed valuation protested. Id.

5C. County Assessment. Proceeding pursuant to § 2880.1: An appeal of any decision from a county board of equalization from an order sustaining a valuation of real or personal property at a fair cash value as determined by the county assessor in excess of Three Million Dollars ($3,000,000.00) to the Court of Tax rReview shall must be filed within thirty (30) calendar days of the date the board's order was mailed, or in the event that the order was delivered, from the date of delivery. 68 O.S.Supp.2022, § 2880.1(B). The appeal shall be made upon the Complaint for Review form available in Rule 11 Form No. 3. No specific form is required for the Complaint. Complainant shall specify grievances and pertinent facts in relation thereto in ordinary and concise language in such a manner to enable a person of common understanding to know what is intended. The Complainant shall specify the grounds for the appeal. A Complaint for Rreview filed by an appealing taxpayer shall must state whether the county board of equalization assessed any costs against the appealing taxpayer for failure to appear at a scheduled hearing and whether such costs have been paid. See id. § 2880.1(D). In compliance with 68 O.S.Supp.2022, § 2880.1(B), the county clerk shall make a record of all orders of the board and both the complaint and orders shall be a part of the record in the case appealed from the county board of equalization. The Complaint for Review must shall have attached as Exhibit A a file-stamped copy of the notice of appeal that 68 O.S.Supp.2022, §2880.1(B) requires to be filed with the county clerk. The Complaint for Review must also have attached as Exhibit B an appendix containing the record on appeal, which shall include the following documents:

Any notice mailed or delivered by the county assessor to the taxpayer as to an increase in the valuation of any personal property above that returned by the taxpayer, or in the case of real property increases in the fair cash value or the taxable fair cash value from the preceding year. 68 O.S.Supp2022, § 2876.

Any complaint/protest filed with the county assessor pursuant to 68 O.S.Supp2022, § 2876(E), § 2876(F);

Any decision/order from the county assessor issued pursuant to 68 O.S.Supp.2022, §2876(GH);

Any appeal to the county board of equalization that gets filed with said board or with the county clerk pursuant to 68 O.S.Supp.2022, §§ 2876(GH) and 2880.1(B);

Any notifications that the county board of equalization sent to the taxpayer fixing the date of a hearing pursuant to 68 O.S.Supp.2022, § 2877(A) or (B);

Any notification that the taxpayer sent to the county board of equalization pursuant to 68 O.S. Supp.2022, § 2877(D) to explain the reason for an absence at a hearing;

Any affidavits signed by members of the county board of equalization or by the parties to the proceeding pursuant to 68 O.S.Supp.2022, § 2877(E)(2) or (3);

Any evidence presented by the parties pursuant to 68 O.S.Supp.2022, § 2877(A);

Any books, records, or papers that the county board of equalization obtains via subpoena pursuant to 68 O.S.Supp.2022, § 2877(A);

Any transcription or tape recording of the hearing before the county board of equalization made pursuant to 68 O.S.Supp.2022, § 2877(A); and

Any decision/order of the county board of equalization issued pursuant to 68 O.S.Supp.2022, § 2877(A) or filed with the county clerk pursuant to 68 O.S.Supp.2022, §2880.1(B).

B. Substantial Compliance. Complaints, protests, and notices of intent to appeal shall be in substantial compliance with the applicable provisions of Title 68 authorizing the filing thereof.

 

 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 Title 68. Revenue and Taxation

 
Cite
Name
Level

 
68 O.S. Rule 3, 
Pleadings
Cited

 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 

 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA